UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHOENIX BOND & INDEMNITY CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 18 C 6897 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| FDIC as RECEIVER for WASHINGTON | ) |
| FEDERAL BANK FOR SAVINGS, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

After the Federal Deposit Insurance Corporation, as receiver ("FDIC-R") for Washington Federal Bank for Savings ("WFBS"), intervened in a tax deed proceeding initiated by Phoenix Bond and Indemnity Company ("Phoenix") and removed the action to federal court, Phoenix brought the present motion to remand for failure to timely remove this lawsuit. 12 U.S.C. § 1819(b)(2)(B) grants the FDIC-R the power to remove any action, suit, or proceeding from a state court to the appropriate federal court within ninety days of the filing of the action, suit, or proceeding, or the substitution of the FDIC-R as a party. Because Phoenix never provided the FDIC-R with appropriate notice of the proceeding and the FDIC-R removed this case four days after filing its first appearance in state court, the Court finds the FDIC-R's removal timely and denies Phoenix's motion to remand [15].

**BACKGROUND**

On April 23, 2010, WFBS recorded its mortgage on the real estate commonly known as 2120 North Lockwood, Chicago, Illinois (the "Property") in connection with a $135,000 loan it made to Indomitable, LLC. Approximately five years later, on August 15, 2015, Phoenix purchased the delinquent 2013 Cook County real estate taxes on the Property for $9,223.32. On

December 15, 2017, the Comptroller of the Currency appointed the FDIC-R as receiver for WFBS. The next day, on December 16, 2017, the FDIC-R reopened WFBS' two branch locations as Royal Savings Bank. Three days after that, on December 19, 2017, Phoenix filed its petition for Tax Deed on the Property in the Circuit Court of Cook County. In compliance with notice standards detailed by 35 Ill. Comp. Stat. 200/22-30, Phoenix directed a "Take Notice" to be served on "owners, occupants and parties interested in the real estate" on January 31, 2018. The sheriff served a "Take Notice" on an employee at one of WFBS' former locations now operated as Royal Savings Bank.[1] However, Phoenix did not serve the FDIC-R with any notice. On May 11, 2018, the FDIC-R sent Phoenix a letter informing them that: (1) the Property is subject to a mortgage held by the FDIC-R, (2) 12 U.S.C. § 1825(b) prohibits the foreclosure of any involuntary lien and the transfer of title without the FDIC-R's consent, and, (3) Phoenix should refrain from any further efforts to take title to the Property. Despite this letter, Phoenix filed an Application for Issuance of Tax Deed on July 16, 2018, without sending any notice to the FDIC-R. Additionally, without notice to the FDIC-R, Phoenix filed a Motion for Possession of the Property on September 27, 2018. Shortly thereafter, the FDIC-R intervened in the state court case, filed its appearance on October 12, 2018, and filed its notice of removal on October 16, 2018.

## ANALYSIS

Pursuant to 12 U.S.C. § 1819(b)(2)(B), the FDIC may "remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the ninety-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party." 12 U.S.C. § 1819(b)(2)(B). The sole question in this

---

[1] FDIC-R does not necessarily dispute this service, although the Court notes that Phoenix offers no affidavit or other proof of service. For now, the Court assumes the sheriff did serve the "Take Notice."

case is whether that ninety-day period began on October 12, 2018, when the FDIC-R filed its appearance in state court, or some earlier date.

Petitioners for tax deeds have a duty to serve notice on "occupants, owners, and persons interested in the property." 35 Ill. Comp. Stat. 200/22-30. A tax deed petition proceeds *in rem* not *in personam*. *Smith v. D. R. G., Inc.*, 344 N.E.2d 468, 470, 63 Ill. 2d 31 (1976). As such, there is not a "defendant" party; rather, there are interested parties who must receive notice of the proceedings. *Id.*; 35 Ill. Comp. Stat. 200/22-30. For example, a mortgagee is "entitled to notice reasonably calculated to apprise him of a pending tax sale." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983). When the FDIC is involved in a case, other district courts have found that service of notice on the FDIC-R is necessary to begin the ninety-day removal period under § 1819(b)(2)(B). *See, e.g.*, *Costin Eng'g Consultants, Inc. v. Latham*, 905 F. Supp 861, 864 (D. Colo. 1995) (finding that removal period started with filing and service of first amended complaint, not original complaint that was not served on the FDIC); *W. States Contracting v. Spilsbury*, No. 2:10-CV-1141-TC, 2011 WL 2357883 at *2 (D. Utah June 9, 2011) (finding that removal period began when FDIC received notice that it was a party to a state court action, not when plaintiff filed complaint).

Phoenix argues that because a tax deed proceeding is unique from other types of litigation in that there are no parties, it could not simply add the FDIC-R as a party to start the ninety-day period, rather the FDIC-R was able to wait in the weeds and see how the proceeding went to strategically choose when to start the clock on removal. Because of its alleged inability to add the FDIC-R as a party, Phoenix argues that the ninety-day period began when Phoenix filed the tax deed proceeding on December 19, 2017, or alternatively, when the FDIC-R became aware of its interest in the proceeding, which could be no later than May 11, 2018, when the FDIC-R sent

Phoenix a letter concerning the Property. The FDIC-R argues, on the other hand, that even though it could have acted sooner to remove the case, because Phoenix never listed the FDIC-R in the tax deed proceeding as an interested party and never served it with notice, either initially or when it took additional steps in the tax proceeding, no action before the FDIC-R's intervention and appearance sufficiently makes the FDIC-R a party such that the ninety-day period started before that time. The Court agrees with the argument put forth by the FDIC-R.

Phoenix's argument that there are no parties in a tax deed proceeding and therefore it had no control or ability to bring the FDIC-R into the case as a party to start the ninety-day period would be more persuasive if two things were not true: (1) the FDIC-R became receiver for WFBS before Phoenix filed its tax deed proceeding; and (2) after Phoenix had notice that the FDIC-R was an interested party, Phoenix took two more steps in the tax deed proceeding without serving notice on the FDIC-R. Though Phoenix argues that *Buczkowski v. F.D.I.C.* is inapplicable to the present *in rem* proceeding because it analyzed an *in personam* case, the Seventh Circuit's caution in that case is still squarely on point here: "Plaintiffs who fail to notice that a defendant has vanished in a puff of smoke are poorly situated to complain when a successor removes the suit-and the FDIC may need the privilege of delayed removal when events of the kind illustrated here keep the agency in the dark for years." *Buczkowski v. F.D.I.C.*, 415 F.3d 594, 597 (7th Cir. 2005).

Phoenix had a duty to serve a "Take Notice" on all "occupants, owners and persons interested in the property." 35 Ill. Comp. Stat. 200/22-30. Phoenix identified WFBS as a mortgagee of the Property, who is entitled to notice. *Mennonite Bd. of Missions*, 462 U.S. at 798. Even though the FDIC-R became the receiver for WFBS before Phoenix initiated its tax deed proceeding, and as such had already been assigned its assets, including the mortgage,

Phoenix never identified the FDIC-R as an interested party or served it with notice. Had Phoenix exercised due diligence in finding all occupants, owners, and persons interested in the Property before filing, they would have discovered the FDIC-R's interest, and should have served notice on them instead of attempting to serve notice on WFBS. Under Illinois law, Phoenix's attempted service on WFBS is not imputed to the FDIC-R. *Dream Sites, LLC v. Grace Apostolic Faith Church (In re County Collector)*, 826 N.E.2d 951, 954, 356 Ill. App. 3d 668, 292 Ill. Dec. 515 (2005) ("With respect to notice and tax deeds specifically, it has been held that such notice provisions are to be rigidly enforced. The notice must contain every essential statutory element and if it omits even one, the deed issued pursuant to that notice will be void." (internal citations omitted)). Phoenix's failure to serve the FDIC-R with notice of its initiation of the tax deed proceeding weighs heavily against starting the ninety-day removal period on December 19, 2017.

Similarly, Phoenix's failure to serve the FDIC-R with notice of its subsequent actions in the tax deed proceeding after the FDIC-R's May 11, 2018 letter counts against starting the ninety-day removal period then. The plain language of § 1819(b)(2)(B) states that the period begins on the date the proceeding is filed "against the [FDIC-R] or the [FDIC-R] is substituted as a party." 12 U.S.C. § 1819(b)(2)(B). Phoenix did not initiate this proceeding against the FDIC-R, identify it as an interested party, or serve it with notice. Nor did Phoenix serve the FDIC-R with any notice after it became aware that the FDIC-R was an interested party. The initial lack of identification and service might be excusable due to the FDIC-R's appointment mere days before Phoenix initiated its proceeding; however, the subsequent lack of service after the FDIC-R made Phoenix aware that it was an interested party appears to be an attempt to "keep the agency in the dark." *Buczkowski*, 415 F.3d at 597. Even accepting, *arguendo*, Phoenix's argument that it could not have added the FDIC-R as a party, it could have, at the very least,

5

treated the FDIC-R as a party and provided it with notice of the proceedings.  This would have provided Phoenix the opportunity to argue that it did all it could to substitute the FDIC-R as a party, and that the FDIC-R subsequently waited until a favorable time to intervene.  However, because Phoenix had and squandered the opportunity to even treat the FDIC-R as an interested party in the tax deed proceeding, the Court finds that the FDIC-R did not become a party for the purposes of § 1819(b)(2)(B) removal until it filed its appearance in state court on October 12, 2018.  Because the FDIC-R filed its notice of removal only four days later, on October 16, 2018, the Court finds the FDIC-R timely removed this case to federal court.

## CONCLUSION

For the foregoing reasons, the Court denies Phoenix's motion to remand [15].

Dated: April 9, 2019

_____
SARA L. ELLIS
United States District Judge